IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIDGEPORT MUSIC, INC., et al. | ) | |
| | ) | |
| v. | ) | No. 3:01-1016 |
| | ) | JUDGE CAMPBELL |
| REBOUND RECORDS, et al. | ) | |

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 86) and Objections filed by the Defendants (Docket No. 89). The Report and Recommendation concerns Defendants' Motion for Attorney Fees (Docket No. 77), pending before the Court on remand from the Sixth Circuit Court of Appeals.

This case arises from an original Complaint filed by Plaintiffs against approximately 800 Defendants for copyright infringement and various state law claims relating to the use of samples without permission in new rap recordings. *Bridgeport Music, Inc. v. Dimension Films, et al,* 410 F.3d 792, 795 (6th Cir. 2005). This Court severed that original Complaint into 476 separate actions in August of 2001. *Bridgeport Music, Inc. v. 11C Music, et al.*, 202 F.R.D. 229 (M.D. Tenn. 2001).

This particular case involves the alleged copyright infringement by Defendants of the musical composition "(Not Just) Knee Deep." Defendants argue they are entitled to attorneys' fees because Plaintiffs' claims are barred by a 1991 settlement agreement between Bridgeport and Polygram Records, Inc. and, in any event, Plaintiffs sued the wrong entity.

Plaintiffs moved to voluntarily dismiss the action, pursuant to Fed. R. Civ. P. 41(a)(2), which provides that the Court may dismiss the action "upon such terms and conditions as the court deems proper." U.S. District Judge Thomas Higgins, now retired, granted the Motion for Voluntary

Dismissal but denied Defendants' request to award Defendants attorneys' fees as a term or condition of the dismissal. The Sixth Circuit Court of Appeals vacated Judge Higgins' Order and remanded the case for a more detailed order specifically addressing Defendants' request for "terms and conditions" relating to the voluntary dismissal. *See Bridgeport Music, Inc. v. Universal-MCA Music Publishing, Inc.*, 481 F.3d 926 (6th Cir. 2007).

The Court has reviewed the Report and Recommendation, the Objections, and the file. For the reasons stated in the Magistrate Judge's Report and Recommendation, the Objections of the Defendants are overruled, and the Report and Recommendation is adopted and approved. The Court finds that the Motion for Voluntary Dismissal was properly granted, pursuant to Fed. R. Civ. P. 41(a)(2) and the standards set forth in *Grover v. Eli Lilly and* Co, 33 F.3d 716, 718 (6th Cir. 1994) and *Piedmont Resolution, L.L.C. v. Johnson, Rivlin & Foley*, 178 F.R.D. 328, 331-332 (D.D.C. 1998).

In addition, the Court finds that Defendants' request for attorneys' fees was properly denied. While an award of costs and fees is not mandatory in the grant of a voluntary dismissal without prejudice, such an award is within the discretion of the district court. *Degussa Admixtures, Inc. v. Burnett*, 471 F.Supp.2d 848, 852 (W.D. Mich 2007). Under the circumstances and facts of this case and for the reasons set forth by the Magistrate Judge, the decision to deny Defendants' Motion for Attorneys' Fees is proper.

Accordingly, Defendants' Motion for Attorneys' Fees (Docket No. 77) is DENIED.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　TODD J. CAMPBELL
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE